RECEIVED OTC
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
AUG 19 2025
DANIEL J. McCOY, CLERK
BY: mdh

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
CADDO DIVISION

MELVIN LYNN JOHNSON, Jr.
Plaintiff
Prisoner #130744

CIVIL ACTION NO. ________ SEC. P

VS.

GARY WESTCOTT; SETH SMITH; MICHELE DAUZAT; RODDRICK MALCOLM; RYAN KIMBALL; LISA WELLS; KRISTEE HARPER; TERRANCE HAULEY; DANIEL CROOKS; STEVE HAYDEN; SARAH NALITT; AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
defendants.

JUDGE ________________
MAGISTRATE JUDGE ________________

# COMPLAINT
## PRISONER CIVIL RIGHTS UNDER 42 U.S.C., § 1983

I. Previous Lawsuits:
  a. Have you begun any other lawsuit while incarcerated or detained in any facility? NO
  b. N/A
  c. NO

II. a. Name of institution and address of current place of confinement: La. State Penitentiary, 17544 Tunica Trace, Angola, La. 70712; Place of Lawsuit, DAVID WADE CORRECTIONAL CENTER, 670 Bell Hill road, Homer, La. 71040

  b. Is there a grievance Procedure in this institution? YES
  c. Did you Present the facts relating to your complaint in the state Prison grievance Procedure? YES
  i. Identify the administrative grievance Procedure number(s) in which claims raised in this complaint were address;

- DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (hereinafter "D.O.C.")
- DAVID WADE CORRECTIONAL CENTER (hereinafter "D.W.C.C.")
- ADMINISTRATIVE REMEDY PROCEDURE (hereinafter "ARP")
- "D.O.C." RULE VIOLATION REPORT (hereinafter "RVR"): On August 9, 2024, I filed a "ARP" #2024-0693, "RVR" #1 - contraband - Reasons: 21-meals of food loaf, before a

a disciplinary hearing; targeted by "D.W.C.C." Key cabinet officials, and "D.W.C.C." Key cabinet, drugs Personnel intels – "ARP" accepted on October 25, 2021, (See) Exhibit – A;

- On December 6, 2024 a filed "4-Page ARP-Supplements #2024-0799", for the un-timely answered August 9, 2024 ARP, #2024-0693 – DENIED: No supplements Permitted; (See) Exhibit-B;

2. What steps did you take? Plaintiff avers, that without a timely filed ruling within 40-days, as stated by "D.W.C.C." Warden, Michele Dauzat, designee, Sarah Nalitt or by no requested extension by Warden Dauzat, the Plaintiff opted to supplement in relation to the un-timely answered "ARP-#2024-0693" with more data, and intels on "RETALIATORY MEASURES, BY D.W.C.C. KEY CABINET OFFICIALS".

3. What was the results?

- On December 10, 2024 the "4-Page ARP, #2024-0807 without the title supplement", DENIED: No More than 3-Pages allowed, (See) Exhibit-C;

- On December 15, 2024 approx 2054, the Plaintiff e-mailed the "3-Page "ARP" without the title supplement to his family (in case something happen to his timely filed November 12, 2024 Complaint);

- On December 16, 2024 the "3-Page ARP, without the title supplement" was mailed to "D.W.C.C." Warden, Michele Dauzat;

- On December 17, 2024 the Plaintiff was brutally and severely beaten by the 9TH cell-mate, also assigned with him after making a safety and liberty complaint., Plaintiff was rushed to Ochsner/LSU hospital, Shreveport, La.;

- On December 23, 2024 the Plaintiff undergo over 3-hours of Major Surgery;

- On December 27, 2024 the Plaintiff was discharged from the hospital and admitted into "D.W.C.C." North Compound infirmary [recommended by the Plaintiff surgeon doctor, John Pang, M.D.];

- On January 13, 2025 the Plaintiff's "3-Page ARP (including) the December 17, 2024 injuries was mailed to "D.W.C.C." Warden, Michele Dauzat;

- On January 27, 2025 Approx 1558, the "3-Page ARP (including) the December 17, 2024 injuries was e-mailed to "D.O.C." headquarters, chief of operations, SETH SMITH; DATE OF COMPLAINT, DECEMBER 17, 2024; COMPLAINT: WHETHER THE PETITIONER'S EIGHTH AMENDMENT (cruel and unusual punishment), FOURTEENTH AMENDMENT (Procedural Due Process), AND EQUAL PROTECTION CLAUSE RIGHTS WERE VIOLATED WHEN DAVID WADE CORRECTIONAL CENTER KEY CABINET OFFICIALS FAILED TO PROTECT, AND IMPLEMENT STATUTORY AND CONSTITUTIONAL RIGHTS [AFTER] HIS SAFETY AND LIBERTY COMPLAINT, BY LODGING A [DOCUMENTED] UNUSUAL OCCURRENCE REPORT? EXHIBITS M, L, & J.

- On January 30, 2025 Approx 1301, the "3-Page ARP" (including) the December 17, 2024 injuries was e-mailed to "D.O.C." headquarters, chief of operations, SETH SMITH;
- On January 31, 2025 Approx 2219, the "ARP" First Step response - DENIED, (See) Exhibit-D.. Plaintiff not satisfied with response - "ARP" forwarded to Screening officer within 5-days of receipt.. Plaintiff mailed Second Step on February 3, 2025.. "D.W.C.C." warden, Michele Dauzat, designee, Sarah Nalitt forwarded the Second Step (which included a copy of Plaintiff's former cell-mate, Mr. Victor Covington signature and thumb print as owner of all contraband, and a argument "Defense by evidence" warden, Dauzat never addressed in her findings) on March 18, 2025 (see) Exhibit-S;
- On February 4, 2025 Approx 1330, acknowledgement by "D.O.C." headquarters Personnel Mr. Moore, on the 3-Page ARP e-mails to Mr. Seth Smith, which included the Plaintiff's December 17, 2024 injuries (due to "D.W.C.C." warden, Michele Dauzat, designee, Sarah Nalitt refusal to Process the timely filed 12/17/24 complaint within 90-days of said incident) advised the Plaintiff to re-submit the 12/17/24 complaint to "D.W.C.C." warden, Michele Dauzat;
- On February 18, 2025 the "3-Page ARP, including the Plaintiff's December 17, 2024 injuries was mailed to "D.W.C.C." warden, Michele Dauzat;
- On March 10, 2025, the "3-Page ARP, including the Plaintiff's December 17, 2024 injuries was mailed to "D.W.C.C." warden, Michele Dauzat;

Plaintiff maintains, that at no time was the 3-Page ARP, including the Plaintiff's December 17, 2024 complaint Processed on 2/18/25 or on 3/10/25, by "D.W.C.C." warden, Michele Dauzat, designee, Sarah Nalitt, after the Plaintiff was advised by "D.O.C." headquarters Personnel, Mr. Moore.

III. Parties to Current Lawsuit:

Defendant, Gary Westcott, is employed as Secretary of the State of Louisiana, at "D.O.C."; additional defendants: Seth Smith, chief of operations, "D.O.C."; Michele Dauzat, warden, "D.W.C.C."; Roddrick Malcolm, Assistant warden, "D.W.C.C."; Ryan Kimball, Classification Assistant warden, "D.W.C.C."; Lisa Wells, Mental Health, "D.W.C.C."; Kristee Harper, ARDC-Specialist, "D.W.C.C."; Terrance Hauley, Colonel, "D.W.C.C."; Daniel Crooks, Medical Director, "D.W.C.C."; Steve Hayden, Mental Health, "D.W.C.C."; Sarah Nalitt, inmate Legal Liason, "D.W.C.C."; and The Louisiana Department of Public Safety and Corrections.

IV. Statement of Claim

Definitions:

- "D.O.C."/"D.W.C.C." - UNUSUAL OCCURRENCE REPORT (hereinafter "U.D.R.")
- "D.O.C."/"D.W.C.C." - INVESTIGATIVE SEGREGATION: A Maximum housing area Preferably a cell where an offender is held Pending the outcome of a disciplinary hearing.
- "D.O.C."/"D.W.C.C." - DISCIPLINARY SEGREGATION: A Maximum housing area typically a cell an offender is housed for a definitive Period of time as a result of a Sanction from a disciplinary hearing.
- DELIBERATELY INDIFFERENCE / EIGHT AMENDMENT VIOLATION: OBJECTIVE EVIDENCE: factual evidence the Plaintiff was deprived of a basic human Need;
- SUBJECTIVE EVIDENCE: is evidence that the Prison official [KNEW] the Plaintiff was being deprived of and did not respond reasonably, and that deprivation cause the Plaintiff injuries.
- GROSS NEGLIGENCE / FOURTEEN AMENDMENT / PROCEDURAL DUE PROCESS VIOLATION: defines the amount of Protection the Plaintiff get before the Prison can do something that hurt Your life, liberty or Property; TWO PARTS: (A) - LIBERTY INTEREST, is when the Prisons' action interfere with or violate your constitutionally Protected rights, and (B) - Plaintiff must show he should have gotten [MORE] Procedure than received.

PLAINTIFF'S EIGHT AMENDMENT (cruel and unusual Punishment), FOURTEEN AMENDMENT (Procedural due Process), AND EQUAL PROTECTION CLAUSE RIGHTS WERE VIOLATED, WHEN THE DEFENDANTS' FAILED TO PROTECT, AND IMPLEMENT STATUTORY AND CONSTITUTIONAL RIGHTS [AFTER] PLAINTIFF'S SAFETY AND LIBERTY COMPLAINT, WHICH LED TO HIS BRUTAL AND SEVERE INJURIES ON DECEMBER 17, 2024.

Defendant, Gary Westcott is the secretary of the Louisiana Department of Public safety and corrections. Secretary Westcott is ultimately responsible for the control, oversight and functioning of all Programs and facilities within the Department of Public safety and corrections. He is responsible for Protecting

the Constitution and Statutory rights of the Plaintiff held by the department of Public safety and Corrections. At all times relevant to this complaint Gary Westcott was acting under color of law. He is being sued in his Individual Capacity.

Defendant, Seth Smith is the Chief of Operations of the Louisiana Department of Public safety and Corrections. He is Position to formulate, direct, and Maintain all regulations of the Department of Public safety and Corrections. He is responsible for Protecting the Constitution and Statutory rights of the Plaintiff, (which he has failed to exercise to Prevent more harm to the Plaintiff after notification on January 27, 2025 - Approx 1558, and January 30, 2025 - Approx 1301, that a Louisiana "D.O.C." facility failed to Process a timely filed safety and liberty complaint with injuries) by reporting a Louisiana Department of Public safety and Corrections, Unusual Occurrence Report (U.O.R.), and authorizing a investigation into the timely filed safety and liberty complaint he received in emails, as the Chief of operations of the Department of Public safety and Corrections. At all times relevant to this complaint Seth Smith was acting under Color of Law. He is being sued in his Individual Capacity.

Defendant, Michele Dauzat is the Warden over David Wade Correctional Center. She is responsible for the safety and care of all Persons held at "D.W.C.C.", and is responsible for Protecting and implementing the Plaintiff statutory and constitutional rights. she Personally sets and implements Policies for all safety and liberty Complaints. At all times relevant to this complaint Michele Dauzat was acting under Color of Law. She is being sued in her Individual capacity.

Plaintiff received a Rule Violation Report (RVR) #3 - Defiance, on July 18, 2024, and was housed in the South Compound investigative and disciplinary Segregation N1 unit, C-tier. On July 22, 2024 the Plaintiff received a (5)-day disciplinary imposed sanction by the "D.W.C.C." disciplinary board. On July 26, 2024 the Plaintiff informed Colonel, Roddrick Malcolm (NOW, ASSISTANT WARDEN) of his safety and liberty complaint. Colonel, Roddrick Malcolm instructed the Plaintiff to "SIT IDLE" until further Notice.

At all times relevant to this complaint Roddrick Malcolm was acting under color of Law. He is being sued in his Official Capacity.

Plaintiff was summoned to "D.W.C.C." South Compound Classification office by "D.W.C.C." Assistant Warden of Classification, Ryan Kimball, in relation to the Plaintiff safety and liberty complaint. Classification Assistant Warden, Ryan Kimball stated that him and two other board members would have to submit a recommendation to Warden Dauzat for Protected custody and/or a institutional transfer. On September 24, 2024 Assistant Warden of Classification, Ryan Kimball re-assigned the Plaintiff from the South Compound investigative and disciplinary Segregation N1 unit, C-tier (WHERE THE ORIGINAL 5-DAY DISCIPLINARY SANCTION WAS IMPOSED ON JULY 22, 2024) to the South Compound working cell-block, Medium custody, N2 unit; No unusual occurrence report (U.O.R.) was filed by a former "D.W.C.C." Captain, or by the Assistant Warden of Classification despite the intels of the Plaintiff safety and liberty complaint. At all times relevant to this complaint Ryan Kimball was acting under color of law. He is being sued in his Individual Capacity.

Plaintiff informed "D.W.C.C." Mental Health, Lisa Wells, in the "D.W.C.C." North Compound chapel, on October 20, 2024 - Approx 0935 of his safety and liberty complaint; No unusual Occurrence report (U.O.R.) was filed by a former Louisiana "D.O.C." Correctional office, or by "D.W.C.C." Mental Health, Lisa Wells; At all times relevant to this complaint Lisa Wells was acting under color of Law.

She is being sued in her official capacity.

Plaintiff informed "D.W.C.C." ARDC-Specialist, Kristee Harper in the South Compound working cell-block (Medium custody) N2 unit, cell #16, on October 24, 2024 - Approx 1100 hrs. of his safety and liberty complaint; No Unusual Occurrence report (U.O.R.) was filed by a former "D.W.C.C." correctional officer, or by "D.W.C.C." ARDC-Specialist, Kristee Harper; At all times relevant to this complaint Kristee Harper was acting under color of Law.

She is being sued in her Official capacity.

Plaintiff was re-assigned from the South Compound working cell-block N2 unit, and escorted to the North Compound housing unit.

Plaintiff was then escorted to the North Compound Security office by Captain Fields. Upon entering, Colonel Terrance Hauley, the North Compound unit manager requested the Plaintiff to enter his office and close the door. Colonel Hauley made a phone call to a key cabinet official "HIGHER-UP" and discussed our conversation with that party online. Colonel Hauley informed the Plaintiff that "HIGHER-UP" wanted information (NAMES) on the drugs personnel intels that I reported to warden Michele Dauzat in the August 9, 2024 "RVR" #1 Appeal, and the accepted October 25, 2024 "ARP" #2024-0693. Plaintiff informed Colonel Hauley that the "ARP" to warden Dauzat requested the Plaintiff information be recorded, transcribed and then signed by the Plaintiff. Colonel Hauley stated, if the information is concrete, "HIGHER-UP" (LOOKING TOWARDS THE PHONE) will see to an institutional transfer on this thursday, November 14, 2024. Plaintiff gave Colonel Hauley concrete intels on how the drugs was brought and distributed by "D.W.C.C." key cabinet officials. Plaintiff also informed Colonel Hauley (IN HIS OFFICE ON NOVEMBER 12, 2024) of two drugs transporters. Colonel Hauley was adamant that I drop the "ARP" # 2024-0693 complaint before I leave thursday. I stated, "I hear you, Colonel".

On November 13, 2024 two "D.W.C.C." South compound employees was arrested (transporting drugs related).

No unusual Occurrence Report (U.O.R.) was filed by the former head of investigative service prior to recently being promoted to Colonel of the North compound, and the North Compound unit manager despite the intels of the Plaintiffs' safety and liberty complaint. At all times relevant to this complaint Terrance Hauley was acting under color of Law. He is being sued in his Individual capacity.

Plaintiff was brutally and Severely beaten on December 17, 2024 by the 9TH cell-mate also assigned with him, as a cell-mate after the Plaintiff informed Colonel, Roddrick Malcolm on July 26, 2024 of his safety and liberty complaint. Plaintiff was rushed to Ochsner/LSU hospital in Shreveport, La.; Plaintiff undergo over (3)-hours of Major Surgery, on December 23, 2024; Plaintiff was discharged from Ochsner/LSU hospital on December 27, 2024, and was recommended by LSU Medical Surgeon Doctor, John Pang, M.D., to "D.W.C.C." Medical infirmary. On December 30-or-31, 2024-Approx 1320, "D.W.C.C." Medical Director, Daniel Crooks, was ORDERED by Colonel, Terrance Hauley to discharge the Plaintiff from the North compound infirmary; At all times relevant to this complaint Daniel Crooks was acting under color of Law. He is being sued in his Individual capacity.

Plaintiff states on December 30-or-31, 2024-Approx 1340, "D.W.C.C." Mental Health, Steve Hayden was ORDERED by Colonel, Terrance Hauley to Place the Plaintiff on Suicide Watch. At all times relevant to this complaint Steve Hayden was acting under color of Law. Steve Hayden is being sued in his Individual capacity.

Plaintiff was denied access to file a timely filed "ARP" on 12/16/24; 1/13/25; 2/18/25; and 3/10/25 by "D.W.C.C." Warden, Michele Dauzat. designee, Sarah Nolitt. At all times relevant to this complaint Sarah Nolitt was acting under color of Law. She is being sued in her Individual capacity.

The Louisiana Department of Public Safety and Corrections is the administrative arm of the state of Louisiana. It is responsible for administering the state's correctional facilities, and responsible for each of the actions or inactions complained of herein. The Louisiana Department of Public safety and Corrections is a recipient of federal funding, and as an entity, is being sued in its Individual capacity.

The Question of fact and law as to whether the Policy to file a "UNUSUAL OCCURRENCE REPORT" (U.O.R.) create an objective risk of serious harm when the Plaintiff safety and liberty complaint share the common Question of whether any of the defendants' subjective intent in not carrying out the Policy of filing a unusual occurrence report with this safety and liberty complaint was deliberately indifferent to the risk.

Plaintiff was subjected to the defendants' deliberate indifference to unconstitutional confinement ( INCLUDING THE PLAINTIFF 9TH CELLMATE, CLARENCE DANIELS #386228, WITH REPORTED MENTAL ILLNESS, ASSIGNED WITH THE PLAINTIFF, WHO BRUTALLY AND SEVERELY BEATEN THE PLAINTIFF ON DECEMBER 17, 2024 ) due to the defendants' failure to lodge a documented - unusual occurrence report, which would have warranted a documented authorized isolation, and a documented investigation into the reported safety and liberty complaint [AFTER] informing David Wade Correctional Center Assistant Warden of Classification, Ryan Kimball.

## V. RELIEF

- SETH SMITH - demoted ; Michele Dauzat - demoted
- RYAN Kimball - fired ; Terrance Hauley - fired ; Daniel Crooks - fired ; Steve Hayden - fired ; Sarah Nalitt - fired ;
- PUNITIVE DAMAGE : $350,000
- COMPENSATORY DAMAGES : $350,000

## VI. Plaintiffs' Declaration

I declare under Penalty of Perjury that the foregoing is true and correct. Executed a Angola, La. on August 11, 2025.

WHEREFORE, Plaintiff respectfully Prays that this Honorable Court enter Judgment granting relief,

[signature] — August 11, 2025

RESPECTFULLY SUBMITTED
MELVIN LYNN JOHNSON, JR.
17544 TUNICA TRACE
ANGOLA, La. 70712

UNITED STATES DISTRICT
WESTERN DISTRICT OF LOUISIANA
CADDO DIVISION

MELVIN LYNN JOHNSON, Jr.
Plaintiff

SUMMONS
civil Action No. ______

VS.

GARY WESTCOTT; SETH SMITH; MICHELE DAUZAT; RODDRICK MALCOLM; RYAN KIMBALL; LISA WELLS; KRISTEE HARPER; TERRANCE HAULCY; DANIEL CROOKS; STEVE HAYDEN; SARAH NALITT; AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
Defendants

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned and required to serve upon Plaintiffs, whose address is 17544 Tunica Trace, Angola, La. 70712, an answer to the complaint which is herewith served upon you, within 20-days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S Government or officer/agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the court

Date: ______

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
CADDO DIVISION

MELVIN LYNN JOHNSON, JR.
Plaintiff
Prisoner # 130744

DECLARATION IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

VS.

GARY WESTCOTT; SETH SMITH; MICHELE DAUZAT; RODDRICK MALCOLM; RYAN KIMBALL; LISA WELLS; KRISTEE HARPER; TERRANCE HAWLEY; DANIEL CROOKS; STEVE HAYDEN; SARAH NALITT; AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
defendants.

Signed this 11 day of August 2025

Mr. Melvin Lynn Johnson Jr.

MELVIN LYNN JOHNSON JR., # 130744
17544 TUNICA TRACE
CAMP D - RAVEN 3/2/4
Angola, La. 70712