LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2024 -0693

TO: MELVIN JOHNSON 130744 — N2D
Offender's Name and Number — Living Quarters

8/9/24
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

10/25/2024
Date

Sarah Nalitt
Warden's Signature or Designee

12:35 AM
(S.N.) 10/26/24
Capt. DAVIS
N2D #16
[redacted]

EXHIBIT - A

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2024 -0779

TO: MELVIN JOHNSON 130744 — Offender's Name and Number

N1C — Living Quarters

11/17/24
Date of Incident

ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

X REJECTED: Your request has been rejected for the following reason(s):
SUPPLEMENTS TO ARP'S ARE NOT ALLOWED. IF YOU HAVE A NEW COMPLAINT, YOU NEED TO FILE A SEPARATE ARP.

12/06/2024
Date

Sarah Nalitt
Warden's Signature or Designee

EXHIBIT – B

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2024 -0807

TO: MELVIN JOHNSON 130744 — N1C
Offender's Name and Number — Living Quarters

11/17/24
Date of Incident

ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

X REJECTED: Your request has been rejected for the following reason(s):
ARP TOO LENGTHY. YOU SHOULD SUMMARIZE AND RESUBMIT TO APPROXIMATELY NO MORE THAN 3 PAGES.

12/10/2024
Date

Sarah Nalitt
Warden's Signature or Designee

EXHIBIT- C

CASE NUMBER: DWCC-2024-0693

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: JOHNSON, MELVIN 130744 N2D
Living Quarters

Response to request dated 10/19/24, received in this office on 10/25/2024

I have reviewed your grievance dated 10 October 2024, regarding the assignment of food loaf prior to your Disciplinary Board hearing, which you believe constitutes cruel and unusual punishment. You state that although a cup and milk carton were found under your mattress, they did not belong to you but rather to your cellmate. However, before you could present this argument at your Disciplinary Board hearing on 20 August 2024, where you were found guilty, you were placed on alternative meal services for seven days. According to DOPP #23, "Any inmate who engages in the following may be subject to being placed on alternate meal service: 1. An inmate who does not return his or her food tray, cups, utensils, etc., issued to him or her for a meal or who attempts to conceal or hold in their cell any such item," which is why you were immediately placed on alternate meal services when contraband was found under your mattress. There is no evidence that these meal services were given to you against policy or with ill intentions. You have not provided any tangible evidence or verifiable information to support your claims. Therefore, your grievance is deemed without merit, and no further administrative intervention is planned at this level.

Prepared by: [signature]

1/30/25 — Date

Brenda Acklin, DW — Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

#6

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: TARGETED, [illegible] BY D.W.C.C KEY CABINET OFFICIALS, DUE TO PRIOR COMPLAINTS: Drugs Personnel Intel(s); FROM 7/22/24 TIL 8/9/24 N1C[illegible] HAD TWO ASSIGNED CELLMATES; MR. V. COVINGTON INFORMED MAJOR K. HAY ON 8/9/24, THOSE ITEMS WAS HIS; MOTION FOR A CONTINUANCE TO CALL MR. V. COVINGTON TO STATE CLAIM OF ITEMS FOUND UNDER [THE] BED WAS DENIED; MOTION FOR DEFENSE BY EVIDENCE (SIGN STATEMENT BY MR COVINGTON) DENIED; SANCTION IMPOSED BEFORE [A] HEARING, NOT IMPOSED [AT] THE HEARING, NO TANGIBLE EVIDENCE: EX. B. (ALSO) PRESENTED [AT] D.B. COURT ON 8/20/24, IN A CUMULATIVE FORM [IS] A VIOLATION OF MY DUE PROCESS AND EQUAL PROTECTION CLAUSE RIGHTS.

1/3/25 (M) — Date

Offender's Signature DOC#

ENCLOSED: A COPY OF MR. VICTOR COVINGTON SIGNED CONFESSION AND OWNERSHIP OF (ALL) CONFISCATED ITEMS ON 8/9/24 "EXHIBIT-B"

* 1ST AND 14TH AMENDMENT RIGHT VIOLATION (YOU CAN'T APPEAL, IF IT'S NOT ON THE RECORD) YET, IT WAS A IMPOSED SANCTION. VIOLATES DUE PROCESS/EQUAL PROTECTION CLAUSE RIGHTS. *

EXHIBIT- D

D.W.C.C. FORM: 135 EMERGENCY - ADMINISTRATIVE REMEDY PROCEDURE ARP-1

THIS IS A REQUEST FOR A ADMINISTRATIVE REMEDY

MR. MELVIN LYNN JOHNSON, JR.
NAME

DECEMBER 17, 2024
DATE OF COMPLAINT

SOUTH COMPOUND N2A #10, APPROX 1315
PLACE / TIME OF INCIDENT

COMPLAINT: WHETHER THE PETITIONER'S EIGHTH AMENDMENT (cruel and unusual Punishment), PROCEDURAL DUE PROCESS AND EQUAL PROTECTION CLAUSE RIGHTS WERE VIOLATED WHEN DAVID WADE CORRECTIONAL CENTER ("D.W.C.C.", hereafter), KEY CABINET OFFICIALS FAILED TO PROTECT AND IMPLEMENT STATUTORY AND CONSTITUTIONAL RIGHTS "[AFTER] HIS SAFETY AND LIBERTY COMPLAINT", AMASSING UNACCOUNT-ABILITY AND ILLEGAL POWER, DILUTING "D.O.C. STANDARD" FROM PURSUING THE TRUTH BY "MERELY LODGEING AN [DOCUMENTED] UNUSUAL OCCURRENCE REPORT / INVESTIGATION" INTO THE MATTER?

- D.O.C./D.W.C.C.-RULE VIOLATION REPORT (R.V.R)
- D.O.C./D.W.C.C.-UNUSUAL OCCURRENCE REPORT (U.O.R.)
- D.O.C./D.W.C.C.-INVESTIGATIVE SEGREGATION: A [MAXIMUM CUSTODY] housing area Perferably a cell Where an offender is held "Pending" the outcome of a Disciplinary Hearing, "Pending" a Classification Board Review OR "Pending" a transfer to an appropriate housing unit.
- D.O.C./D.W.C.C.-DISCIPLINARY SEGREGATION: A [MAXIMUM CUSTODY] housing area typically a cell an offender is housed for a definitive Period of time as a result of a Sanction from a Disciplinary Hearing.

## SUMMARIES

ON MAY 28, 2024, approx 1735 (allegedly) QuaMesha Evans, Captain, observed inmate Randy Miller #724122 "HOLDING" the Petitioner and inmate Gary Turner #783041 was "PUNCHING" the Petitioner; ON July 18, 2024, approx 0507, Petitioner received a RVR#3-Defiance by SGT. Jerry Sexton (who was informed that his wife and I was being inappropriate in H3A dorm, right before his Vacation ended), Petitioner was Placed in Investigative Segregation N1C tier, South Compound .. ON "JULY 22, 2024, THE DISCIPLINARY BOARD IMPOSED A (5)-DAY DISCIPLINARY SANCTION"; ON "July 26, 2024, the Petitioner INFORMED A D.W.C.C. KEY CABINET OFFICIAL, COLONEL, R.MALCOLM, OF HIS SAFETY AND LIBERTY COMPLAINT., COLONEL, R.MALCOLM INSTRUCTED THE PETITIONER TO "SIT IDLE"; THE PETITIONER WAS SUMMON BY DAVID WADE CORRECTIONAL CENTER, [HEAD] CLASSIFICATION OFFICER, ASSISTANT WARDEN, RYAN KIMBALL, IN RELATION TO PETITIONER'S SAFETY AND LIBERT COMPLAINT-, (NO) UNUSUAL OCCURRENCE REPORT WAS FILED; ON August 9, 2024, approx 1917, A D.W.C.C. key cabinet official (MAJOR K. HAY) attacked the Petitioner through a false and fabricated RVR#1-Contraband, by "21-MEALS OF FOOD LOAF", So the Petitioner [redacted] don't Speak out on the Drugs Personnel Intels; ON August 20, 2024, the Disciplinary Board Court imposed (4)-weeks Loss of Canteen-(THE 21-MEALS, FOOD LOAF Sanction WAS NOT STATED ON THE D.B. COURT RECORD, BUT WAS AN IMPOSED SANCTION BEFORE THE D.B. COURT HEARING..."HUNGRY-STRIKE, IN EXCHANGE FOR FOOD LOAF [IS] ON D.W.C.C. RECORDS), ON September 5, 2024 The Petitioner Appealed; argued: TARGETED... Drugs Personnel Intels.. and requesting Internal Affair (INVESTIGATIONS), [after] warning D.W.C.C. key Cabinet officials of my Safety and Liberty complaint-DENIED.

EXHIBIT-M

... D.W.C.C. Assistant Warden of Classification, Ryan Kimball reassigned the Petitioner to the Working Segregation, Medium Custody, N2 unit that houses [BOTH] Randy Miller and Gary Turner behind the May 28, 2024 Aggravated Fight against the Petitioner with No "Formal Process" by D.W.C.C. records which show reason for the attack or that [ALL] Parties has resolved the matter – (D.O.C. / D.W.C.C. key cabinet officials have a Procedure in Place where [A] form is signed and stated on record during the D.B. Court hearing or by Classification, that matters are resolved with [ALL] Parties in a Aggravated Fight), this Procedure was not implemented with neither Parties; on October 20, 2024, Approx 0935, [In] the North Compound Chapel, Ms. Lisa Wells – (social worker) was informed of the Petitioner's Safety and liberty Complaint., [NO] Unusual Occurrence Report was filed; on October 24, 2024, Approx 1100, N2D#16, Ms. Kristee Harper – (ARDC "Specialist") was informed of the Petitioner's Safety and liberty Complaint., [NO] Unusual Occurrence Report was filed; on November 12, 2024, after reassignment to H2A Compound, Medium Custody housing unit, I was escorted to the North Compound Security office by Captain Field., Upon entering, Terrance Hanley, Colonel, North Compound unit manager, requested for me to enter his office and close the door., Colonel Hanley informed me that "Higher-Ups" wanted information (NAMES) on the Drugs Personnel Intels "that I have reported to Warden Michele Dauzat in the August 9, 2024 RVR#1 Appeal, and the accepted October 25, 2024 (ARP)-2024-0693"., I informed Colonel Hanley that my Pending "ARP" to Warden Dauzat had requested my information be recorded, transcribed, and signed by me., Colonel Hanley stated, As a colonel now, if I gave information that concrete, in [NO] way would he place and leave me in "Grave Danger" with Security (who sale and brings the drugs)., Colonel Hanley stated, watch this, then made a Phone call (spoke of our conversation to the other Party on line). Colonel Hanley then informed me (while holding the phone to mouth and ear) that if the information is concrete, "Higher-Ups" (looking towards the Phone Now) would place me on "Thursday, November 14, 2024" transfer list., I then gave Colonel Hanley Concrete Intels on [KEY] cabinet officials at D.W.C.C., I even explained to him that some of my Intels came from a relative, and former D.W.C.C. employee, K. Johnson, and a former Ex. before this arrest, that's a key cabinet official now.. (In 2022, after a return hospital trip, Assistant Warden, Walter Toliver conducted a investigation with the Petitioner and Lt. Basketville, about a unprofessional detailed situation he received from subordinates of a incident taking place after releasing a former inmate at the Gray Hound Bus Terminal, enroute to New Orleans, from Monroe, La), I explained to Colonel Hanley that the set-up is easy, because key cabinet officials are [NEVER] searched or Drug tested, they do them or order it.

I then gave Colonel Hanley Intels on two transporters while in his office on "Tuesday, November 12, 2024.,

Colonel Terrance Hanley then stated to me, Johnson if this concrete, the transfer [THIS] thursday is good; "THAT'S MY WORD", but You don't want this information about Drugs Personnel Intels in Your record, now drop the ARP before You leave, I said I hear You colonel;

EXHIBIT – L

ON [illegible] D.W.C.C. [illegible] and [illegible] was [illegible] and [illegible] Instead of Colonel Terrance Hawley having "A WORD", he leaves me in danger at WADE with some Agg. Disobedience RVR#5, DATED 11/12/24, signed by him, and Col. Hawley informed [OTHERS] of the information on the Drugs Personnel Intels.

## GRIEVANCES

- 8/9/24 _ RVR#1 _ Contraband, ARP #2024-0693: Food Loaf; Targeted; Drugs Personnel Intels _ ACCEPTED (ARP) ON 10/25/24;
- 12/6/24 _ is a "4-Page (ARP)-SUPPLEMENT" #2024-0779 (FOR THE UN-TIMELY ANSWERED 8/9/24 (ARP) #2024-0693 _ DENIED: NO SUPPLEMENTS PERMITTED;

Petitioner avers, that without a timely ruling (WITHIN) 40-days, as stated by the Warden's Designee, Sarah Nalitt; or no requested extension by D.W.C.C. Warden, Michele Dauzat; the Petitioner opted to Supplement in relation to the un-timely answered #2024-0693 (ARP) with [MORE] Data and Intels on "RETALIATORY MEASURES" by D.W.C.C. Key cabinet officials.

- 12/10/24 _ The "4-Page (ARP)" # 2024-0807, WITH NO TITLE "SUPPLEMENT", WAS DENIED: NO MORE THAN 3-PAGES ALLOWED;
- 12/15/24, APPROX 2054, the Petitioner Emailed the "3-Page ARP" to my Family (IN CASE SOMETHING HAPPEN TO MY COMPLAINT ON NOVEMBER 12, 2024);
- 12/16/24 _ The "3-Page (ARP), WITHOUT THE TITLE SUPPLEMENT" was mailed to D.W.C.C. Warden, Michele Dauzat;
- ON DECEMBER 17, 2024, the Petitioner was brutally and Severely beaten by the 9[th] cell-mate., Petitioner was rushed to Ochsner/LSU Hospital, Shreveport, La.;
- ON DECEMBER 23, 2024, the Petitioner had to undergo over (3)-hours of Major Surgery;
- ON DECEMBER 27, 2024, the Petitioner was discharged from LSU hospital, and admitted to D.W.C.C. North Infirmary (RECOMMENDED BY OCHSNER/LSU MEDICAL DOCTORS);
- ON DECEMBER 29, 2024 _ the Petitioner was visited by Mr. James Burgo, WADE#6, Assistant Warden, over Medical/Mental Health, Lt. Colonel, Kevin Kidd., Michele Norris, HEAD RN;
- ON DECEMBER 30, 2024, APPROX 1320, Colonel, Terrance Hawley, came to the North Compound Infirmary and [ORDERED] DR. DANIEL CROOKS to discharge the Petitioner (DUE TO MY REFUSAL TO DROP THE ARP AND FOR MENTIONING THE NOVEMBER 12, 2024, MEETING IN HIS OFFICE, IN MY DECEMBER 16, 2024 EMAIL... COL. HAWLEY WAS LT. COL. OF INVESTIGATIVE SERVICE.); within 30-minutes, STEVE HAYDEN-MENTAL HEALTH, was [ORDERED] by Colonel Terrance Hawley, to Place the Petitioner on "SUICIDE WATCH", which is not in Petitioner's record., for 4-days, with very Low temperatures., with a "Paper gown" to wear., with the fan in front of the assigned cell #2, N4D tier, turn on high;
- ON January 13, 2025, Petitioner's "3-Page ARP, including the December 17, 2024 injuries" was mailed to D.W.C.C. WARDEN, MICHELE DAUZAT;
- ON January 27, 2025, APPROX 1558, the "3-Page ARP" was Emailed to D.O.C. Headquarters, chief of operations, Mr. Seth Smith., Said 3-page ARP email 1/27/25 APPROX 1558 [INCLUDED] the December 17, 2024 injuries;
- ON January 30, 2025, APPROX 1301, the "3-Page ARP" was Emailed to D.O.C. Headquarters, chief of operation, Mr. Seth Smith (ABATED)., said 3-Page ARP Email on 1/30/25, APPROX 1301, [INCLUDED] the December 17, 2024 injuries;
- ON February 4, 2025, APPROX 1330, D.O.C. Acknowledgement of the "3-Page" ARP (DUE TO D.W.C.C. WARDEN'S DESIGNEE, SARAH NALITT, REFUSAL TO PROCESS THE JANUARY 13, 2025 TIMELY FILED "3-PAGE" ARP, THAT [NOT] TITLED SUPPLEMENT, AND INCLUDES THE INJURIES ON DECEMBER 17, 2024) D.O.C. Headquarters Acknowledgement by Mr. R. Moore;
- ON February 18, 2025, Petitioner's "3-Page ARP, including the injuries on December 17, 2024," was Mailed to D.W.C.C. WARDEN, MICHELE DAUZAT;
- ON MARCH 10, 2025, Petitioner's "3-Page ARP, including MY injuries on December 17, 2024," was mailed to D.W.C.C. Warden, MICHELE DAUZAT; _____ Petitioner maintains that AT [NO] times was the "3-page ARP," [ON] 12/16/24; 1/13/25; 2/18/25; 3/10/25, Process by the Warden Designee, Sarah Nalitt.

## ARGUMENTS

Petitioner argues, despite "SITTING IDLE" for more than Two-months, the Petitioner was Subjected to a total of (9)-cell-mates; [AFTER] his Safety and Liberty complaint.

Petitioner additionally argues, the Severity of my injuries underscores the devasting impact of the incident, D.W.C.C. Investigative Service refusing to launched a thorough investigation upon request (see D.B. COURT _ REFUSAL, EX.-5) collecting evidence from the Scene that provides crucial leads about the [ORIGINATION] of said incident, and the failure to Lodge a [DOCUMENTED] UNUSUAL OCCURRENCE REPORT (WHICH WARRANTS AN [AUTHORIZED] ISOLATION, AND A INVESTIGATION INTO THE REPORTED SAFETY AND LIBERTY COMPLAINT) led to Petitioner's brutal and Severe injuries on DECEMBER 17, 2024.

## RELIEF

1 _ CIVIL RIGHTS LAWSUIT UNDER 42 U.S.C. § 1983

- ~~[illegible]~~/ COMPENSATORY/ AND PUNITIVE DAMAGE _ #700,000

SIGNED: Mr. Melvin [illegible] Johnson Jr.

EXHIBIT = J